Booth, Judge,
delivered the opinion of the court:
The plaintiff is a Kentucky corporation engaged in manufacturing paints. In October, 1918, in response to an advertisement, it submitted a bid to manufacture 57,880 gallons of olive drab paint, the Navy Department, with which the contract was made, to furnish all the necessary ingredi *634 ents. The plaintiff was to do no more than mix and make the paint. The written contract to do this work was executed January 13,-1919. On January 7, 1919, some six days before the plaintiff had even received official notice of the acceptance of its bid, the railroad company informed it that seven tanks of linseed oil and two million pounds of lead were ready for delivery- to it,' and the same was delivered to it promptly. The plaintiff provided storage for this material and was ready, willing, and anxious to proceed, but the defendant delayed-’until1 April 7, 1919, in dispatching the remaining essential ingredients going to make up the paint,' thus forestalling the prbmpt performance of the contract. Had - the defendant complied with the contract the plaintiff would- have been saved this extra expense of storage. We'say this advisedly, for the defendant admitted default in this respect, and upon the proper presentation of-a claim for the loss, the claim, with an insignificant deduction' wais! riot 'only' allowed but paid to the plaintiff, in the sum of ■ $993.16: Some time subsequent to the receipt of the above payment some one in the Navy Department notified ' the plaintiff -that the alloAvance of the above claim'- had been irregular; that it should have gone through the accounting department; and that if it would obligingly return the money paid, the claim would proceed to allowance in the regular way. The plaintiff complied with this request and returned the money, under the impression that it was' but observing a legal formality, without a thought of its being disallowed. However, the claim, after the return of the money, was disalloAved and payment withheld. The plaintiff is entitled to a judgment for the same. The contract in suit obligated the defendant to furnish, within proper limits of time, the ingredients' for the manufacture of the paint. The contract Avas a Avar' contract, made in the presence of an acute emergency, and obligated the defendant to make deliveries upon specific dates. The contractor had a con-ttactual right to consume in proper order the vast quantity of material to be supplied by the defendant, and thus save the occupied storage facilities for the oil and lead,-; in the meantime having its hands tied, remaining idle, alnd unable to'proceed. ■ In a supplementary agreement, executed-. *635 .June 19, 1919, the contracting officer recognized liability for this loss, and in pursuance of the same it was paid as stated .above. The proof, not disputed, sustains the loss.
The plaintiff had another contract, dated October 18,1917, ■with' the War Department for the manufacture of paint. Deliveries under this contract were to be completed by December 31, 1917. They were not so completed until February 19,1918, being 50 days belated. On November 7, 1917, ■the plaintiff received notice to hold up the paint order that the defendant might change the style of package. All this paint was to go abroad, and the defendant contemplated •and finally did change completely the style of container for •packing the same. At least 10,000 gallons already packed' had to be repacked, a tedious and slow' process.' On November 20, 1917, the plaintiff received the official confirmation .and style of new container, and the repacking went forward thereafter, entailing an admitted delay of 23 days. Again, the defendant changed the formula of manufacture, and did not approve proceeding, after having stopped the work, -until the plaintiff had been delayed 17 days. The final result of these two interferences, which were authorized by the contract and provided for therein, threw the completion •of the contract into the strenuous commercial period when railroad embargoes, Fuel Administration orders, etc., made it impossible to effect immediate deliveries of freight. The plaintiff asserted under this contract a claim for a 50-day ■extension of time, and the contracting officer immediately .allowed it, and the Chief of the Bureau of Ordnance, as well as the Secretary of War, concurred in the allowance. Notwithstanding all this, liquidated damages to the extent of $485.61 were assessed against the plaintiff and withheld from its pay. Just why this was done, in the face of the provisions of article 4 of the contract, is difficult even to surmise. That it was unlawfully done and in direct violation of contractual, obligations to do directly the opposite thing needs no argument.
In view of the express terms of the contract and the action of the officers of the defendant thereon with respect to the performance-of the same we not only have no doubt of the plaintiff’s right to recover for this item of loss but are more *636 than, perplexed to find a reason for the necessity of compelling suit therefor.
Judgment will be awarded plaintiff for $1,478.77. It is so ordered.
GkahaM, Judge; Hat, Judge; Downey, Judge, and! Campbell, Chief Justice, concur.